(C. D. 277)

Quong Lee & Co. et al. v. United States

United States Customs Court, First Division

(Decided January 22, 1940)

*Harper & Harper* (*Walter I. Carpeneti* of counsel) for the plaintiffs.
*Webster J. Oliver*, Assistant Attorney General (*Richard H. Welsh*, special attorney), for the defendant.

Before Brown and Cline, Judges

Brown, Judge: This suit against the United States was brought at San Francisco to recover customs duties claimed to have been illegally exacted on certain joss sticks.

This case was heard before Judge Cline on circuit duty at San Francisco.

The merchandise was classified as a manufacture of bamboo under the provision of paragraph 409, Tariff Act of 1930, reading as follows:

Par. 409. * * * all articles not specially provided for, wholly or partly manufactured of rattan, bamboo, osier or willow, 45 per centum ad valorem.

It is claimed that the merchandise is free of duty under paragraph 1703, reading as follows:

Par. 1703. Joss stick or joss light. (Free List.)

or under paragraph 1769, reading as follows:

Par. 1769. Spunk. (Free List.)

This last claim was made only in protest 961695–G.

The record in the case at bar proves that joss sticks similar to the plaintiffs' samples (Exhibits 1 and 2) are used for religious services at Chinese funerals and in joss houses also for religious purposes, as well as to light firecrackers. There is no testimony in the record as to the composition of the merchandise here involved except the testimony of the plaintiffs' witness, Frank W. Dun, who testified that every joss stick has a bamboo stick. (Rec. p. 7.)

An examination of the samples (Exhibits 1 and 2) shows that the merchandise is composed of a bamboo stick covered at one end by a cylinder of ground wood held together as well as to the bamboo stick by some adhesive material. It was testified by Thomas E. Hearty, witness for the Government, after examining the samples in the case at bar and the record in the case of *Da Rocha* v. *United States*, 26 C. C. P. A. 78, T. D. 49613, appeal Suit 4138, from the decision of this court in Abstract 36663, 72 Treas. Dec. 853, decided August 31, 1937, at which time the witness was a customs examiner at San Francisco, that "The merchandise was the same and identical" (Rec. p. 20). An examination of the samples in the *Da Rocha* case would seem to confirm this testimony. There was no testimony as to commercial designation.

Litigation over the classification of joss sticks has gone on for many years and originally went in favor of the importer under identical provisions of the free list.

In *Champion* v. *United States*, 150 Fed. 239 (1906), they were held free of duty.

In *Yamanaka* v. *United States*, 172 Fed. 249 (1909), they were held free of duty.

In *Woolworth* v. *United States*, 67 Treas. Dec. 638, T. D. 47647, decided April 16, 1935, they were held free of duty by Division Three on the ground that the record showed that joss sticks were used by the Japanese in religious services, although the record also showed other uses. This case was not appealed.

In the case of *Da Rocha* v. *United States, supra,* on the authority of *Balfour, Guthrie & Co., Ltd.* v. *United States,* the record in which was incorporated, the First Division of this court, the writer dissenting, overruled the claims of the importer for free entry as either joss sticks or spunk, for the same reasons as stated in the incorporated case. On appeal the appellate court affirmed the decision below on the ground that the merchandise did not come within the common meaning of either joss sticks or spunk. As to joss sticks the appellate court said:

There is no evidence of record * * * that the involved merchandise * * * is composed of "reeds covered with a paste *made from the dust of odoriferous woods,*" * * *.

The case of *Balfour, Guthrie & Co., Ltd.* v. *United States*, upon which the opinion in the *Da Rocha* case was based, was, on May 7, 1935, decided by Division One of this court, the writer dissenting, and reported in 67 Treas. Dec. 737. There it was decided that joss sticks were not joss sticks because the testimony showed that the preponderant use at that time was as lighters for firecrackers despite the unrebutted testimony that articles such as those in question were definitely, uniformly, and generally bought and sold in the wholesale trade of the United States under the name "Joss Sticks", at and prior to the passage of the Tariff Act of 1930.

We are, therefore, constrained by the decision in the *Da Rocha* case, *supra*, to overrule the claim in the protests at bar for free entry for the joss sticks here involved because of lack of proof as now required by the Court of Customs and Patent Appeals, that:

\* \* \* The involved merchandise \* \* \* is composed of "reeds covered with a paste made from the dust of odoriferous woods."

The protests are hereby overruled. Judgment will issue accordingly.

Judge Cline was assigned to constitute Division One along with the writer for the purpose of deciding this case.